

**State of Connecticut Judicial Branch**
## Superior Court Case Look-up

| | |
|---|---|
| Superior Court Case Look-up | |
| Civil/Family | |
| Housing | |
| Small Claims | |
| **Attorney/Firm Juris Number Look-up** | |
| By Party Name | |
| By Docket Number | |
| By Attorney/Firm Juris Number | |
| By Property Address | |
| **Short Calendar Look-up** | |
| By Court Location | |
| By Attorney/Firm Juris Number | |
| Motion to Seal or Close | |
| Calendar Notices | |
| **Court Events Look-up** | |
| By Date | |
| By Docket Number | |
| By Attorney/Firm Juris Number | |
| **Legal Notices** | |
| **Pending Foreclosure Sales** | |
| Understanding | |
| Display of Case Information | |
| **Contact Us** | |



**Comments**

**MMX-CV21-5013903-S**     DOE, JANE v. OWEN, BRADLEY

| Prefix: PJR | Case Type: T90 | File Date: 06/23/2021 | Return Date: 06/23/2021 |
|---|---|---|---|

| Case Detail | Notices | History | Scheduled Court Dates | | E-Services Login | Screen Section Help |
|---|---|---|---|---|---|---|

To receive an email when there is activity on this case, click here.

Information Updated as of: 07/15/2021

### Case Information

| | |
|---|---|
| Case Type: | T90 - Torts - All other |
| Court Location: | MIDDLETOWN JD |
| List Type: | No List Type |
| Trial List Claim: | |
| Last Action Date: | 07/14/2021 (The "last action date" is the date the information was entered in the system) |

### Disposition Information

| | |
|---|---|
| Disposition Date: | |
| Disposition: | |
| Judge or Magistrate: | |

### Party & Appearance Information

| Party | | No Fee Party | Category |
|---|---|---|---|
| **P-01** | **JANE DOE** | | Plaintiff |
| | Attorney: HASSETT & GEORGE PC (407894)   945 HOPMEADOW STREET   SIMSBURY, CT 06070 | File Date: 06/23/2021 | |
| **D-01** | **BRADLEY OWEN** | | Defendant |
| | Attorney: BROWN PAINDIRIS & SCOTT LLP (020767)   1 NEW   100 PEARL STREET   HARTFORD, CT 061034506 | File Date: 07/07/2021 | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.
- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Orders can be viewed by clicking the Notices tab above and selecting the link.*
- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*
- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that Are not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

### Motions / Pleadings / Documents / Case Status

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 07/07/2021 | | APPEARANCE 1 NEW   Appearance | |
| 100.30 | 06/23/2021 | P | NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY / HEARING (JD-CV-53) | Yes |
| 100.31 | 06/23/2021 | P | APPLICATION FOR PREJUDGMENT REMEDY | Yes |
| 100.32 | 06/23/2021 | P | PROPOSED WRIT SUMMONS AND COMPLAINT | No |
| 100.33 | 06/23/2021 | P | PRE-SERVICE ORDER FOR HEARING AND NOTICE | No |
| 100.34 | 06/23/2021 | P | SUMMONS FOR HEARING | No |
| 100.35 | 06/23/2021 | P | MOTION FOR DISCLOSURE OF ASSETS | Yes |
| 100.36 | 06/23/2021 | P | AFFIDAVIT | No |
| 101.00 | 06/23/2021 | P | DOCUMENT SEALED | No |
| 102.00 | 06/23/2021 | P | PROPOSED ORDER | No |
| 103.00 | 06/23/2021 | P | EX PARTE APPLICATION FOR PERMISSION TO USE PSEUDONYM(S) | Yes |
| 103.50 | 06/23/2021 | P | DOCUMENT SEALED | No |
| 104.00 | 06/24/2021 | C | ORDER PERMITTING USE OF PSEUDONYM(S) | Yes |
| 105.00 | 06/23/2021 | P | MOTION TO SEAL DOCUMENT   RESULT: Order 7/8/2021 BY THE COURT | No |
| 105.05 | 07/08/2021 | P | ORDER 1 NEW   RESULT: Order 7/8/2021 BY THE COURT | No |
| 106.00 | 06/24/2021 | C | ORDER SEALING FILE OR DOCUMENT | Yes |
| 107.00 | 06/24/2021 | C | ORDER   Order for Remote Hearing   RESULT: Order 6/24/2021 BY THE CLERK | No |
| 108.00 | 07/14/2021 | P | RETURN OF SERVICE 1 NEW | No |

### Scheduled Court Dates as of 07/14/2021

**MMX-CV21-5013903-S - DOE, JANE v. OWEN, BRADLEY**

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| 1 | 07/19/2021 | 4:00PM | Remote Hearing | Off |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the Notices tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.



Case Detail - MMX-CV-21-5013903-S

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2021, State of Connecticut Judicial Branch

Page Created on 7/15/2021 at 10:49:08 AM

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions —** *See Back/Page 2*

### Notice To Self-Represented Parties

*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

☐ I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.

| Return date |
|---|
| **Jun-23-2021** |
| Docket number |
| **MMX-CV-21-5013903-S** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

**DOE, JANE  v. OWEN, BRADLEY**

| | | | | Address of Court *(Number, street, town and zip code)* |
|---|---|---|---|---|
| ☒ Judicial District | ☐ Housing Session | ☐ Small Claims | ☐ Geographic Area number | **1 COURT STREET MIDDLETOWN, CT 06457-3374** |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
|---|---|
| **BROWN PAINDIRIS & SCOTT LLP** | **020767** |

| **Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| **100 PEARL STREET** | | **860-522-3343** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| **HARTFORD** | **CT** | **06103** | **860-522-2490** | **cody@bpslawyers.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person).*
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: _____
☒ The Defendant *(includes the person being sued or charged with a crime).*
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
☐ All Defendants.
☐ The following Defendant(s) only: _____
☐ Other *(Specify):* _____
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*
  ☐ matters in the Family Division of the Superior Court   ☐ Title IV-D Child Support matters

Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above,  put an "x" in box 1 or 2 below:

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):* _____

2. ☐ This appearance is in addition to an appearance already on file.

*(Name and Juris Number)*

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | ☒ Yes | ☐ No |
|---|---|---|

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ 434005 | **CODY NOLAN GUARNIERI** | **Jul 07 2021** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Jul 07 2021** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**HASSETT & GEORGE PC - 945 HOPMEADOW STREET/SIMSBURY, CT 06070**

*For Court Use Only*

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
|---|---|---|---|
| ▶ 434005 | **CODY NOLAN GUARNIERI** | **Jul 07 2021** | **860-522-3343** |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

**NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION**

JD-CV-53 Rev. 7-01
C.G.S. §§ 52-278c et seq.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**INSTRUCTIONS TO PLAINTIFF/APPLICANT**

1. Complete section I in connection with all prejudgment remedies EXCEPT ex parte prejudgment remedies and submit to the Clerk along with your application and other required documents.
2. Upon receipt of signed order for hearing from clerk, serve this form on defendant(s) with other required documents.

| COURT USE ONLY | |
|---|---|
| CLPJRA Application For PJR | CLPJRHG Contest PJR Application (If Section III Completed) |

## SECTION I - CASE INFORMATION *(To be completed by Plaintiff/Applicant)*

| ☒ Judicial District | ☐ Housing Session | ☐ G.A. No. ____ | COURT ADDRESS One Court Street, Middletown, CT 06457 |
|---|---|---|---|

Has a temporary restraining order been requested?   ☐ YES   ☒ NO

AMOUNT, LEGAL INTEREST, OR PROPERTY IN DEMAND, EXCLUSIVE OF INTEREST AND COSTS IS ("X" one of the following)
- ☐ LESS THAN $2500
- ☐ $2500 THROUGH $14,999.99
- ☒ $15,000 OR MORE

("X" if applicable)
- ☐ CLAIMING OTHER RELIEF IN ADDITION TO OR IN LIEU OF MONEY DAMAGES

NAME OF CASE *(First-named plaintiff vs. First-named defendant)*
**Jane Doe v. Bradley Owen**

☐ SEE ATTACHED FORM JD-CV-67 FOR CONTINUATION OF PARTIES

C L P J R A

| CASE TYPE *(From Judicial Branch code list)* MAJOR: **T**___ MINOR: **90** | NO. COUNTS **6** |
|---|---|

NAME AND ADDRESS OF PLAINTIFF/APPLICANT *(Person making application for Prejudgment Remedy) (No., street, town and zip code)*
**Jane Doe, c/o Hassett & George, PC, 945 Hopmeadow Street, Simsbury, CT 06070**

NAME(S), ADDRESS(ES) AND TELEPHONE NO(S). OF DEFENDANT(S) AGAINST WHOM PREJUDGMENT REMEDY IS SOUGHT *(No., street, town and zip code) (Attach additional sheet if necessary)* **Bradley Owen, 123 Ideal Drive, Saraland, AL 36571**

NAME AND ADDRESS OF ANY THIRD PERSON HOLDING PROPERTY OF DEFENDANT WHO IS TO BE MADE A GARNISHEE BY PROCESS PREVENTING DISSIPATION

| FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF: | NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE *(No., street, town and zip code)* **Jeffrey O. McDonald, Hassett & George, PC, 945 Hopmeadow Street, Simsbury, CT 06070** | |
|---|---|---|
| | TELEPHONE NO. **860-651-1333** | JURIS NO. *(If atty. or law firm)* **407894** | SIGNED | DATE SIGNED **6/22/2021** |

## SECTION II - NOTICE TO DEFENDANT

You have rights specified in the Connecticut General Statutes, including Chapter 903a, that you may wish to exercise concerning this application for a prejudgment remedy. These rights include the right to a hearing:

(1) to object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available to you;

(2) to request that the plaintiff post a bond in accordance with section 52-278d of the General Statutes to secure you against any damages that may result from the prejudgment remedy;

(3) to request that you be allowed to substitute a bond for the prejudgment remedy sought; and

(4) to show that the property sought to be subjected to the prejudgment remedy is exempt from such a prejudgment remedy.

You may request a hearing to contest the application for a prejudgment remedy, assert any exemption or make a request concerning the posting or substitution of a bond in connection with the prejudgment remedy. **The hearing may be requested by any proper motion or by completing section III below and returning this form to the superior court at the Court Address listed above.**

You have a right to appear and be heard at the hearing on the application to be held at the above court location on:

DATE *See Order for Remote Hearing Date*   TIME   COURTROOM

## SECTION III - DEFENDANT'S CLAIM AND REQUEST FOR HEARING *(To be completed by Defendant)*

I, the defendant named below, request a hearing to contest the application for prejudgment remedy, claim an exemption or request the posting or substitution of a bond. I claim: ("X" the appropriate boxes)

- ☐ that the amount sought in the application for prejudgment remedy is unreasonably high.
- ☐ a defense, counterclaim, set-off, or exemption.
- ☐ that any judgment that may be rendered is adequately secured by insurance.
- ☐ that I be allowed to substitute a bond for the prejudgment remedy.
- ☐ that the plaintiff be required to post a bond to secure me against any damages that may result from the prejudgment remedy.

C L P J R H G

FOR COURT USE ONLY

I certify that a copy of the above claim was mailed/delivered to the Plaintiff or the Plaintiff's attorney on the Date Mailed/Delivered shown below.

| DATE COPY(IES) MAILED/DELIVERED | SIGNED *(Defendant)* | DATE SIGNED |
|---|---|---|

| TYPE OR PRINT NAME AND ADDRESS OF DEFENDANT | DOCKET NO. PJR CV *MMX CV21-5013903-S* |
|---|---|

| NAME OF EACH PARTY SERVED* | ADDRESS AT WHICH SERVICE WAS MADE* |
|---|---|

*If necessary, attach additional sheet with names of each party served and the address at which service was made.

| RETURN DATE: | : | SUPERIOR COURT |
| | : | |
| JANE DOE | : | J.D. OF MIDDLESEX |
| | : | |
| V. | : | AT MIDDLETOWN |
| | : | |
| BRADLEY OWEN | : | JUNE 23, 2021 |

## <u>NOTICE TO DEFENDANT</u>

You have rights specified in the Connecticut General Statutes, including Chapter 903a, which you may wish to exercise concerning this application for prejudgment remedy. These rights include the right to a hearing:

(1)    to object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available;

(2)    to request that the plaintiff post a bond in accordance with section 52-278d of the general statutes to secure you against any damages that may result from the prejudgment remedy;

(3)    to request that you be allowed to substitute a bond for the prejudgment remedy sought; and

(4)    to show that the property sought to be subjected to the prejudgment remedy is

exempt from such a prejudgment remedy.

PLAINTIFF,
JANE DOE

By: _____
Jeffrey O. McDonald
Raymond M. Hassett
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894
(860) 651 – 1333

RETURN DATE:                          :        **SUPERIOR COURT**
                                      :
**JANE DOE**                          :        **J.D. OF MIDDLESEX**
                                      :
**V.**                                :        **AT MIDDLETOWN**
                                      :
**BRADLEY OWEN**                      :        **JUNE 23, 2021**

<u>**APPLICATION FOR PREJUDGMENT REMEDY**</u>

**TO THE SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF MIDDLESEX AT MIDDLETOWN**

The undersigned represents as follows:

1.      Pursuant to the attached proposed unsigned Writ, Summons, Complaint, Affidavit of Notice of Rights and Motion for Disclosure of Assets, the Plaintiff, **Jane Doe**, is about to commence an action against **Bradley Owen**, an individual that resides in 123 Ideal Street, Saraland, Alabama 36571.

2.      That there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the applicants and to secure such judgment the applicant seeks an order from this court directing that a prejudgment remedy be issued to secure the sum of **$175,000.00**, following a hearing pursuant to Conn. Gen. Stat. §52-278(n):

a) To attach or garnishee the interests of the defendants in any assets which may be

revealed as a result of plaintiff's pending Motion for Disclosure of Assets, including garnishment of funds due the defendants.

PLAINTIFF,
JANE DOE


By: _____
Jeffrey O. McDonald
Raymond M. Hassett
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894
(860) 651 – 1333

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint

| Address of court clerk *(Number, street, town and zip code)* <br> One Court Street, Middletown, CT 06457 | Telephone number of clerk <br> ( 860 ) 343 – 6400 | Return Date *(Must be a Tuesday)* |
|---|---|---|
| [x] Judicial District    G.A. <br> [ ] Housing Session   Number: ___ | At *(City/Town)* <br> Middletown | Case type code *(See list on page 2)* <br> Major: T    Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* <br> Hassett & George, P.C., 945 Hopmeadow Street, Simsbury, CT 06070 | Juris number *(if attorney or law firm)* <br> 407894 |
|---|---|
| Telephone number <br> ( 860 ) 651 – 1333 | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [x] Yes   [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* <br> jmcdonald@hgesq.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: Doe, Jane <br> Address: c/o Hassett & George, P.C., 945 Hopmeadow Street, Simsbury, CT 06070 | P-0 |
| **Additional plaintiff** | Name: <br> Address: | P-0. |
| **First defendant** | Name: Owen, Bradley <br> Address: 123 Ideal Drive, Saraland AL 36571 | D-0 |
| **Additional defendant** | Name: <br> Address: | D-0 |
| **Additional defendant** | Name: <br> Address: | D-0 |
| **Additional defendant** | Name: <br> Address: | D-0 |

| Total number of plaintiffs: 1 | Total number of defendants:1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date <br> 06/24/2021 | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court <br> [ ] Clerk | Name of person signing <br> Raymond M. Hassett |
|---|---|---|---|

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. <br> c. The court staff is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)

   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

   (c) Applications for change of name

   (d) Probate appeals

   (e) Administrative appeals

   (f) Proceedings pertaining to arbitration

   (g) Summary Process (Eviction) actions

   (h) Entry and Detainer proceedings

   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle¹ - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle¹ - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | ¹Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE:                    :        SUPERIOR COURT
                                :
JANE DOE                        :        J.D. OF MIDDLESEX
                                :
V.                              :        AT MIDDLETOWN
                                :
BRADLEY OWEN                     :        JUNE 23, 2021

## COMPLAINT

<u>COUNT ONE</u> – **Negligent Infliction of Emotional Distress**

1. Plaintiff, JANE DOE, is a resident of Cromwell, Connecticut.

2. Upon information and belief, Defendant, BRADLEY OWEN, has a last known address of 123 Ideal Street, Saraland, Alabama, 36571.

3. In and around January of 2018, Defendant moved to Connecticut to live with Plaintiff.

4. In and around October or November of 2018, Defendant purchased a nest doorbell camera that was installed in place of the front exterior doorbell at the Cromwell, Connecticut home.  From the time that it was installed, Plaintiff was aware of the doorbell camera at the Cromwell, Connecticut home.

5. At the same time that the doorbell camera was installed, Defendant purchased a second nest camera that he had installed in the basement of the Cromwell, Connecticut home. Plaintiff was not aware that the camera was installed in the basement of the Cromwell, Connecticut home.

6.  Defendant had the basement camera installed without Plaintiff's knowledge and consent.

7.  Defendant had the basement camera installed so that he could spy on Plaintiff and keep surveillance on her activities.

8.  Upon information and belief, since the basement camera was installed, Defendant regularly watched footage from the camera in an effort to monitor Plaintiff's activities.

9.  In and around November of 2018, Defendant took Plaintiff's phone while Plaintiff was sleeping and read Plaintiff's text messages, emails and phone logs.

10. On or about February 18, 2019, Defendant, through the basement camera, video recorded Plaintiff engaging in sexual activity with a third party without Plaintiff's knowledge or consent.

11. In and around February of 2019, Defendant threatened Plaintiff that he would disseminate the February 18, 2019 video recording to third parties.

12. In and around February of 2019, Defendant contacted the third party depicted in the February 18, 2019 video letting him know that Defendant had a video recording of Plaintiff and him engaging in sexual activity.

13. In and around February of 2019, Defendant contacted the significant other of the third party depicted in the February 18, 2019 video, letting her know that Defendant had a video recording of Plaintiff and her significant other engaging in sexual activity.

14. In and around February of 2019, Defendant contacted Plaintiff's mother, letting her know that Defendant had the February 18, 2019 video recording.

15. In and around February of 2019, Defendant contacted Plaintiff's co-worker, letting Plaintiff's co-workers know that Defendant had the February 18, 2019 video recording.

16. Defendant offered to share the February 18, 2019 video recording to third parties in an effort to humiliate, embarrass, degrade and harm Plaintiff.

17. In and around February of 2019, Defendant sent a still picture, captured from the February 18, 2019 video record, to a third party.

18. On March 5, 2021, Defendant created a fake email account and sent an email from that fake account to Plaintiff's co-worker in Connecticut that stated as follows:

> Subject: [REDACTED]
>
> Wanted to self-report a relationship and address the rumors since everyone already knows. [REDACTED] and I have had a relationship and some of the text and videos are attached that many of you may have seen already. Hoping to keep this private going forward. My personal email is [REDACTED]@gmail.com.

19. Defendant attached to that email the February 18, 2019 videos recordings, which depict

Plaintiff engaging sexual activity, and screenshots of Plaintiff's communications with a third party that contain elicit details regarding Plaintiff's private life.

20. Defendant sent the March 5, 2021 email, including the elicit videos recordings and communications, to Plaintiff's co-worker's work email address and also to an Ethics and Compliance email account related to Plaintiff's employer.

21. Defendant sent the March 5, 2021 email, including the elicit videos recordings and communications, to Plaintiff's co-worker without Plaintiff's knowledge or consent.

22. Defendant's March 5, 2021 email, including the elicit videos recordings and communications, was forwarded by Plaintiff's co-worker to the Human Resources, Legal and Compliance departments.

23. The email address from which Defendant sent the March 5, 2021 email was created by Defendant on March 5, 2021 and deleted by Defendant on that same date, shortly after the email was sent.

24. Defendant created the email address on March 5, 2021 for the sole purpose of sending the March 5, 2021 email to Plaintiff's co-worker.

25. The fake email address that Defendant created is nearly identical to Plaintiff's actual email address; the fake email address contains one additional letter.

26. Defendant sent the March 5, 2021 utilizing the fake email address to impersonate Plaintiff and make it look like Plaintiff had sent the March 5, 2021 email with attachments.

27. Defendant sent the March 5, 2021 email to Plaintiff's co-worker's work email address, knowing that the email, including the elicit videos recordings and communications, would be discussed amongst Plaintiff's co-workers and seen and shared throughout Plaintiff's place of employment.

28. Defendant sent the email communication, including the elicit videos recordings and communications, to Plaintiff's co-worker in an effort to humiliate, embarrass, degrade and harm Plaintiff.

29. Defendant's March 5, 2021 email communication, including the elicit videos recordings and communications, was seen and shared throughout Plaintiff's place of employment. The contents of Defendant's March 5, 2021, including the elicit videos recordings and communications, was discussed amongst Plaintiff's co-workers.

30. As a direct result of Defendant's actions, Plaintiff was humiliated, embarrassed, degraded and harmed.

31. Defendant's conduct created an unreasonable risk of causing Plaintiff emotional distress.

32. Defendant knew, or should have known, that his conduct created an unreasonable risk of causing emotional distress to Plaintiff, which might result in illness or bodily injury.

33. As a result of Defendant's conduct, Plaintiff suffered severe humiliation, embarrassment, anxiety and distress, which has or might result in illness or bodily injury.

**SECOND COUNT – Intentional Infliction of Emotional Distress**

1-33.  Paragraphs 1 through 33 of the First Count are hereby incorporated as Paragraphs 1 through 33 as Second Count as if fully set forth herein.

34. Defendant's conduct was extreme and outrageous in that he:

    a.  Recorded Plaintiff by video without her knowledge and consent;

    b.  Threatened to disseminate video recordings of Plaintiff engaging in sexual activity;

    c.  Disseminated a still photograph(s) of Plaintiff engaging in sexual activity to a third party;

    d.  Disseminated video recordings of Plaintiff engaging in sexual activity to a third party;

    e.  Created a fake email account to impersonate Plaintiff to her co-worker;

    f.   Sent an email from a fake email account to Plaintiff's place of employment impersonating Plaintiff and sharing details of Plaintiff's sexual activity;

    g.   Sent an email from a fake email account to Plaintiff's place of employment that included elicit video recordings and communications.

35. Defendant knew, or should have known, that his conduct was likely to cause Plaintiff to suffer emotional distress.

36. As a result of Plaintiff's extreme and outrageous conduct, Plaintiff suffered humiliation, embarrassment, anxiety and distress.  The humiliation, embarrassment, anxiety and distress suffered by Plaintiff was severe.  Plaintiff suffered and continues to suffer from harm to her reputation and emotional distress caused by Defendant's conduct.

**THIRD COUNT – Defamation**

1-36.  Paragraphs 1 through 36 of the Second Count are hereby incorporated as Paragraphs 1 through 36 Third Count as if fully set forth herein.

37. Within Defendant's March 5, 2021 email to Plaintiff's co-worker, Defendant made false statements that he attributed to Plaintiff, including that:

    a.   Plaintiff "[w]anted to self report a relationship and address the rumors since everyone already knows";

  b. That Plaintiff's co-workers may have already seen texts and videos regarding Plaintiff's relationship;

  c. That Plaintiff was disclosing the relationship to her co-workers while also "hoping to keep this private going forward"; and

  d. That Plaintiff was voluntarily disclosing to her co-workers elicit video recordings and communications.

38. The contents of Defendant's March 5, 2021 email to Plaintiff's co-worker constitute defamatory statements that identified Plaintiff and were published to a third person.

39. Plaintiff suffered and continues to suffer from harm to her reputation and emotional distress caused by Defendant's conduct.

**FOURTH COUNT – Invasion of Privacy**

1-39. Paragraphs 1 through 39 of the Third Count are hereby incorporated as Paragraphs 1 through 39 as Fourth Count as if fully set forth herein.

40. In creating the fake email account and sending the March 5, 2021 email, Defendant appropriated Plaintiff's name and/or likeness.

41. Defendant appropriated Plaintiff's name and/or likeness in an effort to convince Plaintiff's co-worker that Plaintiff was self-reporting details to her co-worker regarding

her private life, including voluntarily sharing videos of herself engaging in sexual activity with a third-party.

42. Defendant appropriated Plaintiff's name and/or likeness in an effort to humiliate, embarrass, degrade and harm Plaintiff, while shielding himself from liability and benefitting himself.

43. Plaintiff was damaged as a result of Defendant's appropriation of Plaintiff's name and/or likeness.

44. As a direct result of Defendant's actions, Plaintiff was humiliated, embarrassed, degraded and harmed.

45. Defendant's conduct constitutes an invasion of privacy.

**FIFTH COUNT – Invasion of Privacy**

1-45. Paragraphs 1 through 45 of the Fourth Count are hereby incorporated as Paragraphs 1 through 45 as Fifth Count as if fully set forth herein.

46. Defendant secretly recorded Plaintiff within her own home.

47. Defendant did not tell Plaintiff that he was secretly recording Plaintiff within her own home.

48. Defendant's conduct in secretly recording Plaintiff within her own home would be

highly offensive to a reasonable person.

49. As a direct result of Defendant's actions, Plaintiff was humiliated, embarrassed, degraded and harmed.

50. Defendant's conduct constitutes an invasion of privacy.

**SIXTH COUNT – Tortious Inference**

1-50. Paragraphs 1 through 50 of the Fifth Count are hereby incorporated as Paragraphs 1 through 50 as Sixth Count as if fully set forth herein.

51. At all relevant times hereto, Defendant was aware that Plaintiff was employed pursuant to an employment agreement.

52. Defendant sent the March 5, 2021 email to Plaintiff's co-worker, which included sexually explicit video recordings and communications, in an effort to damage Plaintiff reputation with her employer and damage Plaintiff's relationship with her co-workers, managers and supervisors.

53. Defendant sent the March 5, 2021 email to Plaintiff's co-worker, which included sexually explicit video recordings and communications, with the intention to interfere with Plaintiff's contractual relationship with her employer.

54. On or about March 5, 2021, Defendant made misrepresentations to Plaintiff's employer, its agents, servants and employees, in an attempt to interfere with Plaintiff's contractual

relationship with her employer.

55. On or about March 5, 2021, Defendant acted maliciously in an attempt to interfere with Plaintiff's contractual relationship with her employer.

56. Plaintiff suffered and continues to suffer from harm to her reputation and emotional distress caused by Defendant's conduct.

57. Plaintiff was damaged as a result of Defendant's tortious conduct.

**WHEREFORE**, the Plaintiff prays:

1.      That judgment be entered against the Defendant;

2.      That money damages be awarded;

3.      That punitive damages be awarded for Counts One, Two, Three, Four, Five and Six;

4.      For such further relief as may be just, equitable, and proper.


PLAINTIFF,
JANE DOE

By:

Jeffrey O. McDonald
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894
(860) 651 – 1333

| | | |
|---|---|---|
| **RETURN DATE:** | : | **SUPERIOR COURT** |
| | : | |
| **JANE DOE** | : | **J.D. OF MIDDLESEX** |
| | : | |
| **V.** | : | **AT MIDDLETOWN** |
| | : | |
| **BRADLEY OWEN** | : | **JUNE 23, 2021** |

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand in the above-captioned action is greater than $15,000.00, exclusive of interest, costs and legal fees.

PLAINTIFF,
JANE DOE

By:

Jeffrey O. McDonald
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894
(860) 651 – 1333

RETURN DATE:                    :        SUPERIOR COURT
                                :
JANE DOE                        :        J.D. OF MIDDLESEX
                                :
V.                              :        AT MIDDLETOWN
                                :
BRADLEY OWEN                     :        JUNE 23, 2021

### ORDER FOR HEARING AND NOTICE

The above application for a pre-judgment remedy having been presented to the Court, it

is hereby **ORDERED** that a hearing thereon be held at the Superior Court for the Judicial

District of Middlesex at Middletown, Connecticut on _____, 2021 at _____ a.m./p.m

in Room _____ and that the plaintiff give notice to Defendant in accordance with C.G.S. §

52-278c of the pendency of the application and of the time and place it will be heard by causing

a true and attested copy of the Application and the proposed unsigned Writ, Summons,

Complaint, Affidavit, Motion for Disclosure of Assets, and this Order, together with such

notice as is required under subsection (e) of C.G.S. § 52-278c, to be served upon both

defendants, by some proper officer in accordance with Connecticut law on or

before_____, 2021 and that due return of such service be made to this

court.

*See Remote Order for Hearing*

BY THE COURT

_____

Judge/Clerk

**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT  06070    25
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

RETURN DATE:               :        **SUPERIOR COURT**

                                   :

**JANE DOE**                  :        **J.D. OF MIDDLESEX**

                                     :

**V.**                         :        **AT MIDDLETOWN**

                                     :

**BRADLEY OWEN**          :        **JUNE 23, 2021**

## <u>SUMMONS</u>

### (HEARING ON APPLICATION FOR PREJUDGMENT REMEDY)

*TO ANY PROPER OFFICER: GREETINGS:*

      *BY THE AUTHORITY OF THE STATE OF CONNECTICUT AND IN ACCORDANCE WITH THIS ACCOMPANYING ORDER YOU ARE HEREBY COMMANDED* to serve a true and attested copy of the attached Application, unsigned Proposed Writ, Summons, Complaint, Affidavit, Proposed Order, Motion for Disclosure of Assets upon the defendants, by serving the same upon said defendants in the manner provided by Connecticut law on or before

_____2021.

      HEREOF, FAIL NOT, but due service and return make.

      Dated at _____, Connecticut this    day of _____, 2021.

                            _____

                            Commissioner of the Superior Court

| RETURN DATE: | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| JANE DOE | : | J.D. OF MIDDLESEX |
| | : | |
| V. | : | AT MIDDLETOWN |
| | : | |
| BRADLEY OWEN | : | JUNE 23, 2021 |

## PLAINTIFF'S MOTION FOR DISCLOSURE OF ASSETS

Pursuant to C.G.S. § 52-278n, the plaintiff herein moves that the defendant, Bradley

Owen (together "the Defendant") disclose upon oath in Court, any property of the following

nature in which they have an interest or any debt due to it as follows:

1.      Any and all real property that the Defendant has an interest in anywhere in the

United States.

2.      The location of any bank account[s] and/or certificates of deposits of said

Defendant, including account numbers and the addresses of the bank location where each

account and/or certificate of deposit was first established.

3.      The location of all bank accounts and/or certificates of deposit in the name of

the Defendant and any other party jointly, including the name and address of the other party or

parties, account numbers and addresses of bank location where each such account and/or

certificate of deposit was first established.

4.      The location of all bank accounts and/or certificates of deposit which are in the

name of a party other than the Defendant but in which the Defendant has an interest or claim an interest, including the name and address of the party in whose name the account and/or certificate of deposit was established, the account numbers and addresses of the bank location where each such account and/or certificate of deposit was first established.

5.     A list of all accounts receivable, including the name and address of each account debtor and the amount due.

6.     A list of all contract and/or purchase orders for the purchase of goods and/or Products from the Defendant in the process of being fulfilled or to be fulfilled in the future, including the name and address of each purchaser, the price of each order and anticipated date of delivery for each.

7.     A list of all causes of action which are presently in suit wherein the named Defendant herein is a plaintiff, including the names of such plaintiff's attorneys and their addresses, the courts to which each such action is returnable, the amount of damages claimed by the plaintiff in each suit, the status of each such case, and the terms of any prejudgment remedies granted in each such action.

8.     A list of all other persons or entities who are indebted to the Defendant, including their names, addresses and the amounts due for each.

9.     A list of all stocks, bonds, or other securities owned by the Defendant, including

those in the name of others in which the Defendant claims an interest.

      10.    Itemize all motor vehicles owned by the Defendant, including for each such vehicle, the year of manufacture, the make, the model, the manufacturer's identification number, the state of registration, the registration number, and the license plate number.

      11.    Itemize all furniture and fixtures owned by the Defendant, including a description of each item, the date of purchase of each such item, and the cost of each such item.

      12.    State the location of all of the motor vehicles, furniture and fixtures itemized above.

PLAINTIFF,
JANE DOE

By: _____
Jeffrey O. McDonald
Raymond M. Hassett
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894
(860) 651 – 1333

## ORDER

The foregoing Motion for Disclosure of Assets having been duly heard, it is hereby

**ORDERED,**

          **GRANTED / DENIED**

BY THE COURT

_____

Judge

RETURN DATE:                    :         SUPERIOR COURT

JANE DOE                        :         J.D. OF MIDDLESEX

V.                              :         AT MIDDLETOWN

BRADLEY OWEN                    :         JUNE 23, 2021

## AFFIDAVIT OF DEBT

STATE OF CONNECTICUT
                         ss. June 23  2021
COUNTY OF MIDDLSEX

I, Jane Doe, being duly sworn, hereby depose and say:

1. I am over the age of eighteen (18) years and understand and believe in the obligation of an oath and that the foregoing is true and accurate.

2. I am the Plaintiff in the above-captioned action, and have personal knowledge as to the facts set forth below.

3. Upon information and belief, Defendant, BRADLEY OWEN, is now a resident of Alabama.

4. In and around January of 2018, Defendant moved to Connecticut to live with me.

5. In and around October or November of 2018, Defendant purchased a nest doorbell camera that was installed in place of the front exterior doorbell at the Cromwell,

Connecticut home. From the time that it was installed, I was aware of the doorbell camera at the Cromwell, Connecticut home.

6. At the same time that the doorbell camera was installed, Defendant purchased a second nest camera that he had installed in the basement of the Cromwell, Connecticut home. I was not aware that the camera was installed in the basement of the Cromwell, Connecticut home.

7. On or about February 18, 2019, Defendant, through the basement camera, video recorded me engaging in sexual activity with a third party without my knowledge or consent.

8. In and around February of 2019, Defendant threatened to me that he would disseminate the February 18, 2019 video recording to third parties.

9. In and around February of 2019, Defendant contacted the third party depicted in the February 18, 2019 video letting him know that Defendant had a video recording of him and I engaging in sexual activity.

10. In and around February of 2019, Defendant contacted the significant other of the third party depicted in the February 18, 2019 video, letting her know that Defendant had a video recording of her significant other and I other engaging in sexual activity.

11. In and around February of 2019, Defendant contacted my mother, letting her know that Defendant had the February 18, 2019 video recording.

12. In and around February of 2019, Defendant contacted my co-workers, letting my coworkers know that Defendant had the February 18, 2019 video recording.

13. Defendant offered to share the February 18, 2019 video recording to third parties in an effort to humiliate, embarrass, degrade and harm me.

14. In and around February of 2019, Defendant sent a still picture, captured from the February 18, 2019 video record, to a third party.

15.    On March 5, 2021, Defendant created a fake email account and sent an email from that fake account to my co-worker in Connecticut that stated as follows:

> Subject: [REDACTED]
>
> Wanted to self-report a relationship and address the rumors since everyone already knows. [REDACTED] and I have had a relationship and some of the text and videos are attached that many of you may have seen already. Hoping to keep this private going forward. My personal email is [REDACTED]@gmail.com.

16. Defendant attached to that email the February 18, 2019 video recordings, which depict me engaging sexual activity, and screenshots of my communications with a third party that contain elicit details regarding my private life.

17. Defendant sent the March 5, 2021 email, including the elicit video recordings and

communications, to my co-worker's work email address and also to an Ethics and Compliance email account related to Plaintiff's employer.

18.    Defendant sent the March 5, 2021 email, including the elicit video recordings and communications, to my co-worker without my knowledge or consent.

19.    Defendant's March 5, 2021 email, including the elicit video recordings and communications, was forwarded by my co-worker to the Human Resources, Legal and Compliance departments.

20.    The email address from which Defendant sent the March 5, 2021 email was created by Defendant on March 5, 2021 and deleted by Defendant on that same date, shortly after the email was sent.

21.    Defendant created the email address on March 5, 2021 for the sole purpose of sending the March 5, 2021 email to my co-worker.

22.    The fake email address that Defendant created is nearly identical to my actual email address; the fake email address contains one additional letter.

23.    Defendant sent the March 5, 2021 utilizing the fake email address to impersonate me and make it look like I had sent the March 5, 2021 email with attachments.

24.    Defendant sent the March 5, 2021 email to my co-worker's work email address, knowing that the email, including the elicit video recordings and communications,

would be discussed amongst my co-workers and seen and shared throughout my place of employment.

25.    Defendant sent the email communication, including the elicit video recordings and communications, to my co-worker in an effort to humiliate, embarrass, degrade and harm me.

26.    Defendant's March 5, 2021 email communication, including the elicit video recordings and communications, was seen and shared throughout my place of employment. The contents of Defendant's March 5, 2021, including the elicit video recordings and communications, was discussed amongst my co-workers.

27.    As a result of Defendant's conduct, I suffered severe humiliation, embarrassment, anxiety and distress, which has or might result in illness or bodily injury.

28.    I seek a prejudgment remedy in the total amount of $175,000.00 against Defendant.

29.    The facts set forth herein are sufficient to show that there is probable cause that a judgment will be entered in my favor, taking into account any counterclaims, defenses, or set-offs to my claim for money damages.

30.    I am not aware of any valid defenses, counterclaims or setoffs to my claim for money damages.

31.    This affidavit is made in support of my Application for a Prejudgment Remedy.

*Signature Redacted & Filed under Seal.*

Subscribed and sworn to before me this 23rd of June, 2021.

Print Name: _Luien Ann Bailer Steffs_
Notary Public
My Commission Expires _8/31/2022_

| | | |
|---|---|---|
| **RETURN DATE:** | : | **SUPERIOR COURT** |
| | : | |
| **JANE DOE** | : | **J.D. OF MIDDLESEX** |
| | : | |
| **V.** | : | **AT MIDDLETOWN** |
| | : | |
| **BRADLEY OWEN** | : | **JUNE 23, 2021** |

<u>**ORDER ON APPLICATION FOR PREJUDGMENT REMEDY**</u>

The attached application having been presented to the Court and a hearing having been held thereon after notice to the named defendant herein, it is hereby ordered, pursuant to Conn. Gen. Stat. §52-278 <u>et</u> <u>seq.</u>, that the plaintiff may attach the property of said defendant to the amount of $_____, as follows:

(a)    To attach the interests of Defendants in any assets which may be revealed as a result of Plaintiff's pending Motion for Disclosure of Assets including garnishment of funds due the said Defendants.

Dated at _____, Connecticut, this _____ day of _____, 2021

_____
Judge

| | | |
|---|---|---|
| **RETURN DATE:** | : | **SUPERIOR COURT** |
| | : | |
| **JANE DOE** | : | **J.D. OF MIDDLESEX** |
| | : | |
| **V.** | : | **AT MIDDLETOWN** |
| | : | |
| **BRADLEY OWEN** | : | **JUNE 23, 2021** |

<u>**WRIT**</u>

**TO ANY PROPER OFFICER:**

  **GREETINGS,** by the authority of the State of Connecticut, you are hereby commanded to summon the defendants to appear before the Superior Court for the Judicial District of Middlesex to be held at 1 Court Street, Middletown, Connecticut, on_____, 2021, said appearance to be made by said defendants or attorney by filing a written statement of appearance with the Clerk of said court on or before the second day following said return date of _____, 2021 then and there to answer unto Jane Doe in a civil action wherein the plaintiff complains as set forth in the attached Complaint.

  And you are further commanded to attach or garnishee the property, goods or estate of the defendants to the value of $_____ Dollars wherever located.

  Jenifer A. Steffes, of 628 Hebron Ave., Glastonbury, Connecticut, is recognized in the sum of $250.00 to prosecute this action.

  Hereof, fail not, but with this Writ and your doings thereon, make due service and return.

  Dated at_____, Connecticut this ____ day of _____, 2021.

PLAINTIFF,
JANE DOE

By:

Jeffrey O. McDonald
Raymond M. Hassett
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894
(860) 651 – 1333

RETURN DATE:                 :           **SUPERIOR COURT**

                                        :

**JANE DOE**                     :           **J.D. OF MIDDLESEX**

                                          :

**V.**                             :           **AT MIDDLETOWN**

                                        :

**BRADLEY OWEN**               :           **JUNE 23, 2021**

## EX PARTE APPLICATION FOR PERMISSION TO USE PSEUDONYM

Pursuant to Connecticut Practice Book Section 11-20A, the Plaintiff in the above matter respectfully applies to this Court for permission to prosecute this action in the fictitious name of Jane Doe, which the Plaintiff seeks to assume for purposes of privacy and anonymity.

### I.    Background

Plaintiff, Jane Doe, is a woman that was living in Cromwell, CT at all times relevant to this matter. While residing in Cromwell, Defendant installed a camera in the basement of the Cromwell residence in an effort to spy on Plaintiff and monitor her activities. On or about February 18, 2019, Defendant, through the basement camera, video recorded Plaintiff engaging in sexual activity with a third party without Plaintiff's knowledge or consent. In and around February of 2019, Defendant threatened Plaintiff that he would disseminate the February 18, 2019 video recording to third parties. In and around February of 2019, Defendant contacted various third parties, letting those individuals know that Defendant was in possession of video recordings of Plaintiff engaging in sexual activity. On March 5, 2021, Defendant created a fake

Office of the Clerk
Superior Court
RECEIVED

JUN 2 3 2021

Judicial District of Middlesex
State of Connecticut

**Hassett & George, P.C.**   945 Hopmeadow Street, Simsbury, CT 06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

email account and sent an email from that fake account to Plaintiff's co-worker in Connecticut

that stated as follows:

> Subject:  [REDACTED]
>
> Wanted to self-report a relationship and address the rumors since everyone already knows.  [REDACTED] and I have had a relationship and some of the text and videos are attached that many of you may have seen already.  Hoping to keep this private going forward.  My personal email is [REDACTED]@gmail.com.

Defendant attached to that email the February 18, 2019 videos recordings, which depict

Plaintiff engaging sexual activity, and screenshots of Plaintiff's communications with a third

party that contain elicit details regarding Plaintiff's private life.  Defendant sent the March 5,

2021 email, including the elicit videos recordings and communications, to Plaintiff's co-

worker's work email address and also to an Ethics and Compliance email account related to

Plaintiff's employer.  Defendant sent the email communication, including the elicit videos

recordings and communications, to Plaintiff's co-worker in an effort to humiliate, embarrass,

degrade and harm Plaintiff.  Defendant's March 5, 2021 email communication, including the

elicit videos recordings and communications, was seen and shared throughout Plaintiff's place

of employment.  The contents of Defendant's March 5, 2021, including the elicit videos

recordings and communications, was discussed amongst Plaintiff's co-workers.  As a direct

result of Defendant's actions, Plaintiff was humiliated, embarrassed, degraded and harmed.

## II.      **Legal Standard**

Practice Book Section 11-20A(h) states as follows:

The judicial authority may grant prior to the commencement of the action a temporary ex-parte application for permission to use pseudonyms pending a hearing on continuing the use of such pseudonyms to be held not less than fifteen (15) days after the return date of the complaint.

Connecticut courts have long recognized the need for litigants to pursue their cases anonymously when the issues involve intimate and distressing details.  For example, in Buxton v. Ullman, 147 Conn. 48 (1959), the leading case dealing with fictitious names, the Connecticut Supreme Court addressed the constitutionality of legislation forbidding the use and prescription of contraceptive devices.  The female plaintiffs petitioned the Court to prosecute the cause under fictitious names.  The Court permitted the plaintiffs to do so, citing the applicable Practice Book Section at that time (Section 199).  The Court stated that because of the intimate and distressing details alleged, it would be understandable that the parties would wish to be anonymous.  "The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated, the interest of the parties demands it, and no harm can be done to the public interest."  Buxton, 174 Conn. at 60.

Subsequent to the enaction of 11-20A, Connecticut Courts have allowed the use of pseudonyms in cases involving special privacy interests.  For example, in Smith v. Roe,

Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No.: CV-4006038-S, 2005 WL 2501404 (September 20, 2005, Tobin, J.), the plaintiffs, a married couple who alleged that the wife was wrongfully inseminated with sperm other than that of her husband, were allowed to proceed under pseudonyms, the exception being that their identities were disclosed to the defendants.  Similarly, in Roe v. City of Milwaukee, 37 F.Supp.2d 1127 (1999), the plaintiff, who was concerned that the litigation would result in the disclosure of his HIV-positive status, was allowed to proceed under pseudonym.  The Court noted that unlike most other medical conditions, one's HIV-positive status is still considered to be a stigma, such that disclosure of same would not be inconsequential.  Id, at 1129.

"The ultimate test for permitting a party to proceed anonymously is whether the party has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.  A party's desire to avoid economic and social harm as well as embarrassment and humiliation in his professional and social community is normally insufficient to permit him to appear without disclosing his identity.  The most compelling situations for granting a motion to proceed anonymously involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the party's identity…There must be

a strong social interest in concealing the identity of the party." <u>Vargas v. Doe</u>, 96 Conn. App. 399, 410-11, 900 A.2d 525 (2006).

### III.    **Argument**

In this case, the Plaintiff should be allowed to proceed anonymously because the offensive conduct in question involved very private, intimate details regarding Plaintiff's personal life.  Within this action, Plaintiff alleges that Defendant disseminated very private, intimate details regarding Plaintiff's life to third parties; Plaintiff should be allowed to pursue these claims without further exposing herself to additional humiliation, distress, anguish and harm.

The Plaintiff, therefore, has a recognized interest in protecting her identity by proceeding anonymously.

Further, without the protection of anonymity, victims such as the Plaintiff may choose not to bring their cases to court for fear that such information might be shared with others or even worse, provided to the media.  The Plaintiff sees no reason why the same overriding interests in protecting her identity should not apply with equal force here.

It is beyond understandable that the Plaintiff would have an interest in having her name kept from the public due to the embarrassment, shame and trauma that inevitably stems from

this situation.  The Plaintiff should not be prejudiced and penalized as a result of circumstances beyond her control.

In this case, the Plaintiff has a substantial privacy right to proceed anonymously, which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings.  It is well established that the most compelling situations for granting a motion to proceed anonymously involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the party's identity.  The nature of the issues presented in this case involve details that are intimate to the Plaintiff and involve matters that are highly sensitive, such as social stigmatization.  Here, the Plaintiff's use of a pseudonym will serve the overriding interest of protecting the Plaintiff from exposure in her community of the details of her private and sensitive situation.  By preserving the Plaintiff's anonymity through the use of a fictitious name, no harm will come to the public interest as the public would have access to the records in this case, just not to the Plaintiff's name.

The use of pseudonyms by the Plaintiff in the caption of the case and in all papers filed with the court by either side is the least restrictive and least intrusive way to balance the interests of the public—the right to be aware of the workings of the Judicial Branch—and the

interest of the Plaintiff—to protect the privacy of litigants who allege, inter alia, disclosure of the private and sensitive information and who are not public figures.

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant her the privilege of prosecuting this case in the name of Jane Doe.  Upon the granting of this motion, the Plaintiff will file under seal documents setting forth her identity and will send a copy to counsel for the Defendant upon their filing of an appearance.

PLAINTIFF,
JANE DOE


By: _____
Jeffrey O. McDonald
Raymond M. Hassett
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894

## **ORDER**

The foregoing having been presented to this Court, it is hereby ORDERED:

GRANTED/DENIED
6/24/2021                    BY THE COURT


_____
Judge/Clerk/Assistant Clerk

**TIME, DATE, SCOPE AND DURATION OF SEALING OR CLOSURE ORDER**
JD-CL-76 Rev. 12-07
P.B. §§ 11-20, 11-20A, 25-59, 25-59A

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

**NOTICE**
No information entitled to remain confidential should be placed on this form.

| FOR COURT USE ONLY |
| --- |
| ☒ SEALOR *(Document(s) or file sealed)* |
| ☐ LIMITOR *(Disclosure limited)* |
| ☐ CLOSEOR *(Courtroom closed)* |
| ☒ PSEUDOR *(Use of pseudonym(s) granted)* |

Pursuant to Practice Book Sections 11-20, 11-20A, 25-59 and 25-59A the time, date, scope and, except for court closure orders, duration of the order shall be reduced to writing, signed by the judicial authority, and entered by the clerk in the court file. This form should be used for that purpose.

In addition to signing this form, the judicial authority must also comply with the other requirements of the above rules, which include articulating the overriding interest being protected, specifying its findings underlying the order, and either ordering that a transcript of its decision be included in the court file or preparing a memorandum setting forth the reasons for its order. When sealing an entire court file, the judicial authority must also comply with Sections 11-20A(f) and 25-59A(f).

**Instructions to Clerk for Civil and Family Cases:** Complete this form upon issuance of the court order and IMMEDIATELY enter it in the court file. Use Section I for an order sealing document(s) or a file. Use Section II for an order limiting disclosure. Use Section III for an order closing a courtroom. Use Section IV for an order granting permission to use pseudonyms. The judicial authority and clerk must sign Section V. Code this form using the appropriate docket legend(s) for the section(s) of the form completed.

**Additional instructions to Clerk for Civil Cases only:** If Sections I, II or III are completed, IMMEDIATELY post a copy of this form on a bulletin board adjacent to the clerk's office and accessible to the public and fax the form IMMEDIATELY to Court Operations at (860) 263-2773 for posting on the judicial branch website.

| JUDICIAL DISTRICT OF | AT *(Town)* | DOCKET NO. |
| --- | --- | --- |
| Middlesex | Middletown | MMX CV21-5013903-S |

CASE NAME *(In the case of parties for whom a Motion for Permission to Use Pseudonym(s) was granted, use the pseudonym(s).)*
**Jane Doe vs. Bradley Owen**

## SECTION I - ORDER SEALING DOCUMENT(S) OR FILE *(Use "SEALOR" Docket Legend)*

| DATE OF SEALING ORDER | TIME OF SEALING ORDER | DURATION OF SEALING ORDER |
| --- | --- | --- |
| 06/24/2021 | 9 AM | until hearing |

SCOPE OF SEALING ORDER *("X" one)*
☐ Case caption and docket number to be disclosed, contents of file sealed.
☒ The following designated motion(s), pleading(s) or other document(s) is/are sealed.

ENTRY NUMBER(S) OF DOCUMENT(S) SEALED PURSUANT TO THE ORDER
**The affidavit in support of using a Pseudonym** *and Affidavit for PJR Signature Page*

ADDITIONAL ORDERS REGARDING SCOPE

## SECTION II - ORDER LIMITING DISCLOSURE *(Use "LIMITOR" Docket Legend)*
*(Use only for order limiting disclosure OTHER THAN SEALING. If order is to seal document(s) or file use Section I above.)*

| DATE OF ORDER LIMITING DISCLOSURE | TIME OF ORDER LIMITING DISCLOSURE |
| --- | --- |
| | |

| DURATION OF ORDER LIMITING DISCLOSURE | ENTRY NUMBER(S) OF APPLICABLE DOCUMENT(S) |
| --- | --- |
| | |

SCOPE OF ORDER LIMITING DISCLOSURE *(Explain limitation on disclosure, e.g., redaction, but do not include confidential information )*

## SECTION III - ORDER CLOSING COURTROOM *(Use "CLOSEOR" Docket Legend)*

| DATE OF ORDER CLOSING COURTROOM | TIME OF ORDER CLOSING COURTROOM | ENTRY NUMBER OF DOCUMENT |
| --- | --- | --- |
| | | |

SCOPE OF ORDER CLOSING COURTROOM

## SECTION IV - ORDER PERMITTING USE OF PSEUDONYM(S) *(Use "PSEUDOR" Docket Legend)*

| DATE OF ORDER PERMITTING USE OF PSEUDONYM(S) | TIME OF ORDER PERMITTING USE OF PSEUDONYM(S) |
| --- | --- |
| 06/24/2021 | 9 AM |

DURATION OF ORDER PERMITTING USE OF PSEUDONYM(S)
**until hearing**

SCOPE OF ORDER PERMITTING USE OF PSEUDONYM(S)

## SECTION V - SIGNATURES *(Complete in every case)*

| SIGNATURE OF JUDICIAL AUTHORITY | DATE SIGNED |
| --- | --- |
| *[signature]* | 6/24/2021 |
| SIGNATURE OF CLERK *(Chief Clerk or His/Her Designee)* | DATE SIGNED |
| *[signature]* | 6/24/2021 |

| RETURN DATE: | : | SUPERIOR COURT |
| JANE DOE | : | J.D. OF MIDDLESEX |
| V. | : | AT MIDDLETOWN |
| BRADLEY OWEN | : | JUNE 23, 2021 |

## EX PARTE MOTION TO SEAL AFFIDAVIT

The Plaintiff in the above referenced matter hereby respectfully requests that the Court seal the attached, which reveals the true name and address of the Plaintiff. As set forth in Plaintiff's Ex Parte Application for Permission to Use Pseudonym, the Plaintiff seeks to protect and safeguard her identity in this action from disclosure to the public because this case involves claims of dissemination of highly sensitive and private materials related to Plaintiff's personal life. Said Affidavit was lodged with the Court via a sealed envelope.

WHEREFORE, the Plaintiff respectfully moves this Court to seal the Affidavit from all personnel except necessary court personnel and the attorneys of record for the Plaintiff and Defendant.

Office of the Clerk
Superior Court
RECEIVED

JUN 2 3 2021

Judicial District of Middlesex
State of Connecticut

Hassett & George, P.C.   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

PLAINTIFF,
JANE DOE


By: _____
Jeffrey O. McDonald
Raymond M. Hassett
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Juris No. 407894

## ORDER

The foregoing having been presented to this Court, it is hereby ORDERED:

GRANTED/DENIED

6/24/2021

BY THE COURT

_____
Judge/Clerk/Assistant Clerk

ORDER    089996

DOCKET NO: MMXCV215013903S

SUPERIOR COURT

DOE, JANE
   V.
OWEN, BRADLEY

JUDICIAL DISTRICT OF MIDDLESEX
   AT MIDDLETOWN

7/8/2021

<u>ORDER</u>

ORDER REGARDING:
06/23/2021 105.00 MOTION TO SEAL DOCUMENT

The foregoing, having been considered by the Court, is hereby:

ORDER:

This matter will be scheduled for a remote hearing, on the record, at a later date. Do not come to court on the short calendar. You will receive a separate notice when your remote hearing is scheduled.

Judicial Notice (JDNO) was sent regarding this order.

089996

_____

Judge: BY THE COURT
Processed by: Shalom Davis

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**TIME, DATE, SCOPE AND DURATION**
**OF SEALING OR CLOSURE ORDER**

JD-CL-76 Rev. 12-07
P.B. §§ 11-20, 11-20A, 25-59, 25-59A

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

| FOR COURT USE ONLY |
| --- |
| [X] SEALOR *(Document(s) or file sealed)* |
| [ ] LIMITOR *(Disclosure limited)* |
| [ ] CLOSEOR *(Courtroom closed)* |
| [X] PSEUDOR *(Use of pseudonym(s) granted)* |

**NOTICE**
**No information entitled to remain confidential should be placed on this form.**

Pursuant to Practice Book Sections 11-20, 11-20A, 25-59 and 25-59A the time, date, scope and, except for court closure orders, duration of the order shall be reduced to writing, signed by the judicial authority, and entered by the clerk in the court file. This form should be used for that purpose.

In addition to signing this form, the judicial authority must also comply with the other requirements of the above rules, which include articulating the overriding interest being protected, specifying its findings underlying the order, and either ordering that a transcript of its decision be included in the court file or preparing a memorandum setting forth the reasons for its order. When sealing an entire court file, the judicial authority must also comply with Sections 11-20A(f) and 25-59A(f).

**Instructions to Clerk for Civil and Family Cases:** Complete this form upon issuance of the court order and IMMEDIATELY enter it in the court file. Use Section I for an order sealing document(s) or a file. Use Section II for an order limiting disclosure. Use Section III for an order closing a courtroom. Use Section IV for an order granting permission to use pseudonyms. The judicial authority and clerk must sign Section V. Code this form using the appropriate docket legend(s) for the section(s) of the form completed.

**Additional instructions to Clerk for Civil Cases only:** If Sections I, II or III are completed, IMMEDIATELY post a copy of this form on a bulletin board adjacent to the clerk's office and accessible to the public and fax the form IMMEDIATELY to Court Operations at (860) 263-2773 for posting on the judicial branch website.

| JUDICIAL DISTRICT OF | AT *(Town)* | DOCKET NO. |
| --- | --- | --- |
| **Middlesex** | **Middletown** | MMX CV21-5013903-S |

CASE NAME *(In the case of parties for whom a Motion for Permission to Use Pseudonym(s) was granted, use the pseudonym(s).)*
**Jane Doe vs. Bradley Owen**

## SECTION I - ORDER SEALING DOCUMENT(S) OR FILE *(Use "SEALOR" Docket Legend)*

| DATE OF SEALING ORDER | TIME OF SEALING ORDER | DURATION OF SEALING ORDER |
| --- | --- | --- |
| 06/24/2021 | *9 AM* | *Until hearing* |

SCOPE OF SEALING ORDER *("X" one)*
[ ] Case caption and docket number to be disclosed, contents of file sealed.
[X] The following designated motion(s), pleading(s) or other document(s) is/are sealed.

ENTRY NUMBER(S) OF DOCUMENT(S) SEALED PURSUANT TO THE ORDER
**The affidavit in support of using a Pseudonym** *and Affidavit for PJR Signature Page*

ADDITIONAL ORDERS REGARDING SCOPE

## SECTION II - ORDER LIMITING DISCLOSURE *(Use "LIMITOR" Docket Legend)*
*(Use only for order limiting disclosure OTHER THAN SEALING. If order is to seal document(s) or file use Section I above.)*

| DATE OF ORDER LIMITING DISCLOSURE | TIME OF ORDER LIMITING DISCLOSURE |
| --- | --- |
| | |

| DURATION OF ORDER LIMITING DISCLOSURE | ENTRY NUMBER(S) OF APPLICABLE DOCUMENT(S) |
| --- | --- |
| | |

SCOPE OF ORDER LIMITING DISCLOSURE *(Explain limitation on disclosure, e.g., redaction, but not include confidential information)*

## SECTION III - ORDER CLOSING COURTROOM *(Use "CLOSEOR" Docket Legend)*

| DATE OF ORDER CLOSING COURTROOM | TIME OF ORDER CLOSING COURTROOM | ENTRY NUMBER OF DOCUMENT |
| --- | --- | --- |
| | | |

SCOPE OF ORDER CLOSING COURTROOM

## SECTION IV - ORDER PERMITTING USE OF PSEUDONYM(S) *(Use "PSEUDOR" Docket Legend)*

| DATE OF ORDER PERMITTING USE OF PSEUDONYM(S) | TIME OF ORDER PERMITTING USE OF PSEUDONYM(S) |
| --- | --- |
| 06/24/2021 | *9 AM* |

DURATION OF ORDER PERMITTING USE OF PSEUDONYM(S)
**until hearing**

SCOPE OF ORDER PERMITTING USE OF PSEUDONYM(S)

## SECTION V - SIGNATURES *(Complete in every case)*

| SIGNATURE OF JUDICIAL AUTHORITY | DATE SIGNED |
| --- | --- |
| *Trueleff* | 6/24/2021 |

| SIGNATURE OF CLERK *(Chief Clerk or His/Her Designee)* | DATE SIGNED |
| --- | --- |
| *Charlene* | 6/24/2021 |

ORDER   089998

DOCKET NO: MMXCV215013903S

DOE, JANE
   V.
OWEN, BRADLEY

SUPERIOR COURT

JUDICIAL DISTRICT OF MIDDLESEX
  AT MIDDLETOWN

6/24/2021

<u>ORDER</u>

The following order is entered in the above matter:

ORDER:

ORDER FOR VIRTUAL HEARING ON PREJUDGMENT REMEDY- (DO NOT COME TO THE COURTHOUSE ON THIS DATE)

Case: Doe, Jane vs. Owen, Bradley

Date of Remote Video Hearing: July 19, 2021
Time of Remote Video Hearing: 4:00PM

The foregoing application having been presented to the Court, it is hereby ordered that a remote preliminary video hearing be held thereon at a remote hearing session of the Court, to be held within and for the Judicial District of Middlesex, at Middletown, on the date and time listed above. Plaintiff shall give notice to the defendant(s) in accordance with section 52-278c of the general statutes at least 7 days before the date of the virtual hearing.

The Court will NOT hear argument or receive evidence or testimony from witnesses on the date of the preliminary virtual hearing. On the date of the preliminary virtual hearing the Court will conduct a conference, to be attended by you or your attorney, to attempt to resolve issues without the need for an evidentiary hearing. If a evidentiary hearing is required, one will be scheduled after the preliminary virtual hearing is completed.

If you or your attorney does not come to Court virtually on the date or time shown on this virtual hearing order the Court may make a decision on this matter based on the papers filed by the applicant without scheduling a conference or hearing.

Dated at Middletown, 6/24/2021
By the Court Clerk, Shalom Davis, Asst. Clerk

A remote video hearing on the record has been scheduled on the above date and time. DO NOT COME TO COURT ON THIS DATE. The parties shall comply with the procedures outlined in the Connecticut Guide to Remote Hearings including those related to documents and evidence. The Guide is available at: https://jud.ct.gov/HomePDFs/Connecticut GuideRemoteHearings.pdf

FILE AN APPEARANCE (form JD-CL 12)

EMAIL ADDRESSES MUST BE PROVIDED:
AT LEAST FIVE (5) COURT DAYS BEFORE THE HEARING, you must by email (Helen.Ryan@jud.ct.gov), and provide to the caseflow coordinator a valid email address or telephone number. The email should provide the name of the case, docket number and what is being scheduled. Participation by video is mandatory unless permission to participate by phone is obtained from the court

in advance.

Instructions for connecting to the hearing will be emailed to you on how to participate in the hearing by video using Microsoft Teams.

This hearing may not be recorded in any manner.

089998

BY THE CLERK
Processed by: Shalom Davis

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

STATE OF CONNECTICUT                                    JUNE 30, 2021

                              SS: HARTFORD, MIDDLETOWN
COUNTY OF MIDDLESEX
COUNTY OF HARTFORD

   Then and there and by virtue hereof and by direction of the plaintiff's attorney, I
made due and legal service upon the within named defendant, **Bradley Owen,** by leaving
a true and attested copy of the original Order, Notice of Application for Prejudgment
Remedy/Claim For Hearing To Contest Application Or Claim Exemption, Notice To
Defendant, Application For Prejudgment Remedy Summons, Complaint, Statement of
Amount In Demand, Unsigned Order For Hearing and Notice, Unsigned Summons,
Plaintiff's Motion For Disclosure Of Assets, Unsigned Order, Affidavit of Debt,
Unsigned Order On Application For Prejudgment Remedy, Writ, Ex Parte Application
For Permission To Use Pseudonym, Ex Parte Motion To Seal Affidavit, Order and Time,
Date, And Duration Of Sealing Or Closure Orders**,** at the office of the Secretary of the
State of Connecticut, 165 Capital avenue, Hartford, Connecticut, at least Twelve Days
before the session of the Court to which this writ is returnable. Said Secretary of the State
of Connecticut is the duly authorized Agent and Attorney to accept service for the within
named defendant pursuant to C.G.S. 52-59b

   And Afterwards on June 30, 2021, I deposited at the Post Office at Middletown,
Connecticut, via certified mail, postage paid and letter certified, return receipt requested,
a true and attested copy of the within original, Order, Notice of Application for
Prejudgment Remedy/Claim For Hearing To Contest Application Or Claim Exemption,
Notice To Defendant, Application For Prejudgment Remedy Summons, Complaint,
Statement Of Amount In Demand, Unsigned Order For Hearing and Notice, Unsigned
Summons, Plaintiff's Motion For Disclosure Of Assets, Unsigned Order, Affidavit of
Debt, Unsigned Order On Application For Prejudgment Remedy, Writ, Ex Parte
Application For Permission To Use Pseudonym, Ex Parte Motion To Seal Affidavit,
Order and Time, Date, And Duration Of Sealing Or Closure Orders**,** with my doings
thereon endorsed addressed to the within named defendant, **Bradley Owen,** 123 Ideal
Drive, Saraland, AL 36571, Certified Receipt # 7019 0700 0000 9006 7709.

                         **Supplemental Return Will Follow**

   The within is the original Writ, Order, Notice of Application for Prejudgment
Remedy/Claim For Hearing To Contest Application Or Claim Exemption, Notice To
Defendant, Application For Prejudgment Remedy Summons, Complaint, Statement Of
Amount In Demand, Unsigned Order For Hearing and Notice, Unsigned Summons,
Plaintiff's Motion For Disclosure Of Assets, Unsigned Order, Affidavit of Debt,
Unsigned Order On Application For Prejudgment Remedy, Writ, Ex Parte Application
For Permission To Use Pseudonym, Ex Parte Motion To Seal Affidavit, Order and Time,
Date, And Duration Of Sealing Or Closure Orders, with my doings hereon endorsed.

Attest: _____

SEBASTIAN J. MILARDO
STATE MARSHAL
COUNTY OF MIDDLESEX

Service_____ $ 80.00
Copies_____    98.00
Endorsement_____    20.80
Travel_____    20.70
Secretary of State__    50.00
Certified_____     9.25

Total_____ **$278.75**

**SUPPLEMENTAL RETURN**

Return Date: July 19, 2021                    Middlesex At Middletown

PLAINTIFF: Jane Doe

        Vs:

 DEFENDANT (S): Bradley Owen

And afterwards on July 6, 2021, I received the Certified Mailing of the Notice )f
Application For Prejudgment Remedy/Claim For Hearing To ContestApplivation Or
Claim Exemption, RECEIPT # 7019 0700 0000 9006 7709 addressed to Bradley Owen
123 Ideal Drive, Saraland, AL 36571 Claimed hereto annexed.

ATTEST: _____

SEBASTIAN J. MILARDO
STATE MARSHAL, COUNTY OF
MIDDLESEX

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BRADLEY OWEN
123 IDEAL DRIVE
SARALAND, AL 36571

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6583 1028 2114 38

2. Article Number (Transfer from service label)

7019 0700 0000 9006 7709

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X AH 71002
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
CJIG

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt